# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NOEL BASALDUA-LOPEZ, #88427-198,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-823-GPM |
| | ) |
| **UNITED STATES OF AMERICA,** | ) CRIMINAL NO. 09-40064-GPM |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On December 1, 2009, Petitioner entered an open plea of guilty to the charges of assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), and possession of contraband as a federal inmate, in violation of 18 U.S.C. § 1791(a)(2). *See United States v. Basaldua-Lopez,* Case No. 09-cr-40064-GPM (Doc. 21). At the time of the offenses, Petitioner was serving a sentence for unlawfully entering the United States.

On March 16, 2010, Judgment was entered by the undersigned Judge, sentencing Petitioner to an additional 71 months imprisonment, three years supervised release, and a special assessment of $200 (Doc. 40, 09-40064-GPM). Petitioner appealed, arguing that his sentence was unfairly high. His appointed attorney moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *United States v. Basaldua-Lopez*, 386 F.Appx. 567 (2010). After considering the issues raised by Petitioner and his attorney, the Seventh Circuit dismissed the appeal on July 22, 2010. *Id.* at 569. Petitioner did not seek review by the Supreme Court of the United States. His § 2255 motion was

timely filed on September 9, 2011.[1]

Petitioner raises three grounds for relief in his § 2255 motion. Initially, he asserts that this Court impermissibly subjected him to double jeopardy when the injury to the victim was "double counted" (Doc. 1, pp. 1-2). He states that three offense levels were added to his base offense due to the "serious bodily injury" to the victim, but the injury factor had already been included in the calculation of his base offense. Second, he claims that the Court failed to adhere to the sentencing factors in 18 U.S.C. § 3553(a) (Doc. 1, pp. 2-3). Finally, he argues that his attorney was constitutionally ineffective for failing to object to the sentencing calculation and failing to investigate or zealously argue on his behalf at sentencing (Doc. 1, pp. 4-5).

In addition, Petitioner contends that the Bureau of Prisons (BOP) was somehow negligent by breaching its own security measures. He claims that this negligence was the cause of his own prosecution as well as a civil action filed against the BOP, presumably by Petitioner's victim. Petitioner further claims that he is entitled to relief because of the BOP's negligence.

In Petitioner's case, although he pled guilty, the open plea did not include any waiver of the right to appeal or to collaterally attack his conviction. Petitioner did pursue a direct appeal, though without success. Thus, the guilty plea presents no barrier to the consideration of Petitioner's § 2255 motion.

**Disposition**

---

[1] The July 22, 2010, order dismissing Petitioner's direct appeal became final on October 20, 2010, upon the expiration of the time for Petitioner to petition for a writ of certiorari to the Supreme Court. *Clay v. United States*, 537 U.S. 522, 525 (2003) (for defendant who does not file petition for writ of certiorari on direct review, one-year limitation period for filing § 2255 motion starts to run when the time for seeking Supreme Court review expires, which is 90 days from the entry of the appellate court order). Therefore, Petitioner had one year from October 20, 2010, to file his § 2255 motion. 28 U.S.C. § 2255(f)(1).

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order (on or before June 14, 2012). The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

DATED: May 14, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge