**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NOEL BASALDUA-LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-823-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 09-40064-GPM |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

In 2010, Petitioner Basaldua-Lopez was sentenced by this Court after pleading to and being found guilty of assault with a dangerous weapon, 18 U.S.C. § 113(a)(3), and possession of contraband by a federal inmate, 18 U.S.C. § 1791(a)(2); *United States v. Noel Basaldua-Lopez*, No. 09-cr-40064-GPM, Doc. 38. At the time, Mr. Basaldua-Lopez was serving a 30 month sentence at the United States Penitentiary in Marion, Illinois (USP-Marion) for two counts of illegal entry into the United States from the Southern District of California[1] (Doc. 36, p.3). Mr. Basaldua-Lopez was sentenced to 71 months imprisonment on Count 1 and 60 months imprisonment on Count 2, the terms to run concurrently (Doc. 38). Mr. Basaldua-Lopez timely appealed his sentence (Doc. 43), but the appeal was dismissed by the Seventh Circuit after counsel filed an *Anders* brief because there were no nonfrivolous issues for appeal (Doc. 55). Mr. Basaldua-Lopez then filed this § 2255 petition, requesting an evidentiary hearing.

---

[1] Mr. Basaldua-Lopez was transferred to USP-Marion in April 2009. USP-Marion is located in Marion, Illinois, within the Southern District of Illinois.

# ANALYSIS

## I.  Timeliness

Section 2255 motions generally must be filed within a year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). "When a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction," that judgment becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 524-25 (2003). In federal court, the time for filing a petition for certiorari expires "90 days after entry of the Court of Appeal's judgment." *Id*. at 525; *See also Latham v. United States*, 527 F.3d 651, 652 (7th Cir. 2008) (one-year time period in which to file motion to vacate began to run 90 days after dismissal of appeal). In the instant case, Mr. Basaldua-Lopez was sentenced by the District Court on March 15, 2010 (Doc. 38). On July 22, 2010, Mr. Basaldua-Lopez's appeal was dismissed by the Seventh Circuit. *United States v. Noel Basaldua-Lopez*, 386 Fed.Appx. 567 (7th Cir. 2010), No. 10-1719, Doc. 55. Mr. Basaldua-Lopez filed a petition for Section 2255 relief on September 9, 2011. *United States v. Noel Basaldua-Lopez*, No. 09-cv-40064-GPM, Doc. 1. Mr. Basaldua-Lopez's petition was filed within a year of the date on which the judgment of conviction became final, and his petition is therefore timely.

## II.  Legal Standard

Relief under § 2255 is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007), *cert. denied*, 551 U.S. 1132 (2007). Accordingly, habeas relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).

"To succeed on a § 2255 petition a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.*

In his petition, Mr. Basaldua-Lopez raises three claims for relief: (1) that the Court impermissibly subjected him to double jeopardy by "double counting" the injury to the victim during sentencing; (2) that the Court failed to adhere to the sentencing factors in 18 U.S.C. § 3553(a); and (3) that counsel was ineffective for failing to object to the sentencing calculation and for failing to investigate or zealously argue on his behalf at sentencing (Doc. 1, pp.1-4). Mr. Basaldua-Lopez also claims the offenses for which he was convicted occurred because of the negligence of the Bureau of Prisons, which "breached" its own "security measures." *Id.* at 3. Mr. Basaldua-Lopez requests an evidentiary hearing to "resolve" these issues. *Id.*

### III. Evidentiary Hearing

A district court need not grant an evidentiary hearing in all § 2255 cases. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007), *cert. denied*, 551 U.S. 1132 (2007). "Such a hearing is not required if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*, quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (internal quotation marks omitted). *See also United States v. Taglia*, 922 F.2d 413, 419 (7th Cir. 1991), *cert. denied*, 500 U.S. 927 (1991) ("if there is no reason to suppose that a hearing would produce evidence justifying the grant of a new trial, there is no reason to hold a hearing").

In the instant case, the motion and the files and records before the Court conclusively demonstrate Mr. Basaldua-Lopez is not entitled to a hearing on his motion for the foregoing reasons.

### IV.     Claim 1: Double Jeopardy

Mr. Basaldua-Lopez first alleges the Court violated his Fifth Amendment right against double jeopardy by adding three points to his base offense level of 14 for aggravated assault pursuant to U.S.S.G. § 2A2.2(b)(3)(A) (Doc. 1, p.1). He argues the offense of aggravated assault already includes a presumption that bodily injury has occurred, and therefore the addition of a three-level enhancement for bodily injury penalizes him twice. *Id.* at 1-2.

#### A.     Background

On April 16, 2009, while incarcerated at USP-Marion, several correctional officers observed Mr. Basaldua-Lopez approach another inmate from behind and slice the right side of his face with a razor blade (Doc 36, p.3). When the victim turned around to defend himself, Mr. Basaldua-Lopez sliced him again on the chin and began striking the victim with his fists. *Id*. Corrections officers forcibly removed Mr. Basaldua-Lopez from on top of the victim, who suffered a four-inch laceration below his right ear and onto his cheek, as well as minor lacerations below his mouth. *Id.* The victim's injuries required stitches and were expected to leave at least one visible scar. *Id.*

#### B.     Procedural Default

Although counsel for Mr. Basaldua-Lopez filed an *Anders* brief on appeal, Mr. Basaldua-Lopez was permitted to respond to the brief to justify why the appeal should not be dismissed. In his response brief, Mr. Basaldua-Lopez challenged only the length of his sentence. No. 10-1719, Doc. 12. Both the original PSR and the revised PSR in his criminal case contained three-level enhancements for bodily injury (Doc. 34, 36). At no time during his sentencing hearing did Mr. Basaldua-Lopez object to his guideline calculation (Doc. 38).

Because Mr. Basaldua-Lopez failed to raise his double jeopardy claim on direct appeal, he

is procedurally defaulted from raising it now. "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007), *quoting McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal, "unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

"A claim that has been procedurally defaulted ordinary may only be raised in a § 2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice." *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008), *cert. denied*, 129 S.Ct. 1637 (2009), *quoting Bousley v. United States*, 523 U.S. 614, 622 (1998). Mr. Basaldua-Lopez does not allege that he is innocent of the offenses to which he plead guilty. Accordingly, for his claim to be considered on the merits, he must demonstrate both cause and prejudice. *Torzala*, 545 F.3d at 522. Mr. Basaldua-Lopez does not allege any cause for his failure to raise the claim on direct appeal. Even assuming cause for his default, Mr. Basaldua-Lopez is unable to establish prejudice.

        **C.**    **The Double Jeopardy Clause & Section 2A2.2**

The Fifth Amendment protection against double jeopardy extends to three circumstances: "It protects against a second prosecution for the same offence after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Schiro v. Farley*, 510 U.S. 222, 229 (1994), *quoting North*

*Carolina v. Pearce*, 395 U.S. 711, 717 (1969). "These protections stem from the underlying premise that a defendant should not be twice tried *or punished* for the same offense." *Id.* (emphasis added).

In alleging he was twice punished by receiving a three-level enhancement for bodily injury resulting from the offense of aggravated assault, Mr. Basaldua-Lopez misconstrues the language of Section 2A2.2. As defined by the statute, an aggravated assault is "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. § 2A2.2 cmt.n.1. Under this definition, an assault is aggravated if accompanied by one of three aggravating factors, only *one* of which includes serious bodily injury. In calculating the appropriate sentence for aggravated assault, Section 2A2.2(b)(3)(A) provides for a three-level increase if the victim sustains bodily injury as a result of the assault. U.S.S.G. § 2A2.2(b)(3)(A). If no bodily injury occurs, the base offense level remains 14, which is standard for the commission of any aggravated assault. So, serious bodily injury is not a necessary element of aggravated assault, and Mr. Basaldua-Lopez's contention that it has been accounted for and encompassed by the offense of aggravated assault is invalid. Consequently, Mr. Basaldua-Lopez is unable to demonstrate prejudice, and his first claim for relief must fail.

## V.     Procedural Error in Calculation of Guideline Sentence

Mr. Basaldua-Lopez next alleges the Court committed procedural error by failing to adhere to the sentencing factors set out in 18 U.S.C. § 3553(a) (Doc. 1, p.2). In three brief sentences, he argues that proper consideration of these factors would have entitled him to a "lesser sentence than 71 months."*Id.* at 3.

Here, Mr. Basaldua-Lopez seeks to raise an issue that was already addressed and dismissed

on direct appeal. Accordingly, Mr. Basaldua-Lopez is procedurally barred from raising this claim–again–in this petition. *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005), *cert. denied* 546 U.S. 899 (2005) ("[O]nce the [appellate] court has decided the merits of a ground for appeal, "that decision establishes the law of the case, and is binding on a court asked to decide the same issue in a later phase of the same case unless there is some good reason for reexamining it.").

On direct appeal, the Seventh Circuit concluded that despite Basaldua-Lopez's contention that his sentence was "unfairly high," Mr. Basaldua-Lopez's counsel correctly stated that "the district court made no error" in calculating the advisory guideline range:

> Basaldua-Lopez could not challenge the four-level increase for use of a dangerous weapon, U.S.S.G. § 2A2.2(b)(2)(B), because he admitted using a razor blade in the attack, and a razor blade is capable of inflicting serious bodily injury, see *id*. § 1B1.1 cmt. N.1(D). Nor could he challenge the three-level increase applicable if the victim sustained bodily injury, id. § 2A2.2(b)(3)(A), because the victim required medical attention to stitch the wound, *id.* § 1B1.1 cmt. N.1(B). With a three-level decrease for acceptance of responsibility, *id.* § 3E1.1, Basaldua-Lopez's final offense level was property calculated at 18. A challenge to Basaldua-Lopez's criminal history category would also be frivolous because his 20 criminal history points placed him well above the 13 points needed to qualify for criminal history category VI, the highest category. Accordingly, the district court relied on a properly calculated advisory range of 57 to 71 months' imprisonment.

(Doc. 55, p.2). The Court of Appeals also found this Court did not err in explicitly addressing "only Basaldua-Lopez's principal arguments" when considering the mitigating factors asserted by Basaldua-Lopez during sentencing. *Id*. ("[T]he court's emphasis in its ruling on the brutal nature of the unexplained attack and Basaldua-Lopez's extensive criminal history (by age 28 Basaldua-Lopez had earned 20 criminal history points–7 more than the minimum to qualify him for the highest criminal history category) underscores an understandable unwillingness to countenance excuses of the sort he offered."). Moreover, "it was reasonable for the district court to fashion the sentence with the hopes of deterring [Basaldua-Lopez] from committing another crime or at least incapacitating

him longer to forestall another attempt" given the fact that Basaldua-Lopez had been deported or removed from the United States "at least six times already." *Id*. at 3.

Consequently, Mr. Basaldua-Lopez is procedurally barred from raising this claim in his Section 2255 petition. *See People v. United States*, 403 F.3d 844, 846 (7h Cir. 2005), *cert. denied*, 546 U.S. 935 (2005) ("twin goals" of the law-of-the-case doctrine is "to ensure that the parties marshal all of their facts and arguments so that a dispute may be resolved in one pass, and to conserve judicial resources). Even if the Court were to find that the law-of-the-case doctrine does not preclude Mr. Compton's claim because the issue raised on direct appeal differs from the issue raised here, Mr. Compton's claim nonetheless fails on the merits as he is unable to demonstrate his sentence was incorrectly calculated.

## VI.     Ineffective Assistance of Counsel

In his third claim for relief, Mr. Basaldua-Lopez alleges counsel was ineffective for (1) failing to object to the three-level enhancement for bodily injury, and (2) failing to investigate or zealously argue on his behalf at sentencing (Doc. 1, pp.3-4). The Court will address these claims together as they are inter-related, and the merits of each have been previously addressed in the preceding sections.

When a § 2255 petition alleges ineffective assistance of counsel, the Court must evaluate the claim under the two-prong Strickland test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007), *cert. denied*, 552 U.S. 1118 (2008), *citing Strickland v. Washington*, 466 U.S. 668, 694 (1984). Mr. Basaldua-Lopez bears a "heavy burden" in overcoming the presumption that his counsel rendered reasonably effective assistance. *Walker v. Litscher*, 421 F.3d 549, 558 (7th Cir. 2005), *cert. denied*, 546 U.S. 1121 (2006), *citing Strickland*, 466 U.S. at 687-88. The Court's

review of attorney performance is "highly deferential," with the underlying assumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690 (petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy). Under *Strickland*, a petitioner must prove (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance prejudiced the defendant such that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Morgan v. Hardy*, 662 F.3d 790, 802 (7th Cir. 2011), *cert. denied*, 132 S.Ct. 1765 (2012), *quoting Strickland*, 466 U.S. at 694. In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012), *quoting Strickland*, 466 U.S. at 687).

As established in the preceding sections, any objection from counsel with respect to the three-level enhancement for bodily injury or the Court's calculation of the advisory guideline range would have been frivolous. *See supra* III.B & IV. At the change of plea hearing, the Government submitted that if the case were to proceed to trial, the Government would prove Basaldua-Lopez's guilt by introducing evidence that he was seen attacking the victim with a razor blade, a dangerous weapon, and the victim suffered injuries to his face and neck as a result of the attack, constituting bodily injury (Doc. 38, pp.11-13). Mr. Basaldua-Lopez accepted the Government could so-prove:

    THE COURT:    Is that your understanding of what the government's proof would be?

    THE DEFENDANT: Yes, sir.

    THE COURT:    I'll tell you that would be sufficient to sustain judgments,

>verdicts and judgments of guilt as to each of the counts. And if you don't want to take an issue with it, then I will accept that, and that's the way it will be from now on. Do you understand that, sir?
>
>THE DEFENDANT: Yes, sir.

*Id*. at 13, lines 5-13. Mr. Basaldua-Lopez admitted to the conduct that provided the basis for each of the sentencing enhancements applied to his base offense level. Accordingly, counsel was not ineffective for failing to raise meritless or frivolous arguments at sentencing. *See Fuller*, 398 F.3d at 652:

> . . . "[defendant] has failed to present any non-frivolous objection that his trial counsel failed to make to the sentencing enhancements imposed by the trial judge that would have resulted in aa more favorable sentence. Because a defendant's lawyer has an obligation to be truthful and forthright with the court, he has 'no duty to make a frivolous argument, and indeed is barred by the rules of professional ethics from doing so."

The same is also true of counsels' failure to object to the Court's calculation of the advisory guideline range. Counsel argued on appeal, and the Seventh Circuit agreed, that there were no nonfrivolous arguments that could have been made regarding the calculation of the advisory guideline range (Doc. 55). Even overlooking Mr. Basaldua-Lopez's bare assertions of error, which fail to satisfy the performance prong of *Strickland*, Mr. Basaldua-Lopez is nonetheless unable to establish his sentence was calculated incorrectly. *See Strickland*, 466 U.S. at 690 (petitioner must identify "*specific acts or omissions* that fell outside the range of professionally competent assistance") (emphasis added). Mr. Basaldua-Lopez was sentenced within the correctly calculated advisory guideline range, albeit at the high end. The Court sentenced Mr. Basaldua-Lopez after considering the detailed sentencing memorandum prepared by counsel, arguing for a sentence below the advisory guideline range, to which counsel attached two letters of support from Basaldua-

Lopez's wife and the mother of one of his children.

Because Mr. Basaldua-Lopez is unable to demonstrate that counsel's performance was deficient, or that he was prejudiced in any way, his third claim for relief also fails.

## VII.     Claim against the Bureau of Prisons

Within his third claim for relief, Mr. Basaldua-Lopez also alleges the negligence of the Bureau of Prisons, arguing the security measures in place were insufficient to prevent him from assaulting the victim in the instant case. A Section 2255 petition is the incorrect venue to seek redress for this grievance, so the Court will not address the merits of this claim. Mr. Basaldua-Lopez is certainly not entitled to habeas relief on the basis of such an allegation.

## CONCLUSION

Mr. Basaldua-Lopez's petition under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. His request for an evidentiary hearing on his motion is also **DENIED.** This action is **DISMISSED with prejudice**, and the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
DATED: December 4, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge